# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| JERMAINE ORLANDO BRISBANE, | ) |
| Petitioner, | ) No. 9:04-cr-00524-DCN |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

Petitioner Jermaine Orlando Brisbane filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 alleging that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), entitles him to relief on his 2005 conviction for felon in possession of a firearm. Because Brisbane still qualifies as an armed career criminal, the court denies the motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 21, 2004, Jermaine Orlando Brisbane ("Brisbane") entered a plea of guilty to the offense of felon in possession of a firearm under 18 U.S.C. §922(g)(1), §924(a)(2), and §924(e). In preparation for Brisbane's sentencing, the United States Probation Office prepared a Presentence Report ("PSR") which determined that Brisbane had been convicted of at least three violent felonies, serious drug offenses, or both, triggering the armed career criminal sentencing enhancement contained in 18 U.S.C. §924(e). The qualifying predicate convictions that the PSR identified were: (1) burglary, second degree in 1991; (2) distribution of cocaine, three counts in 1992; (3) criminal sexual conduct, third degree in 1995; and (4) assault and battery of a high and aggravated

1

nature in 1997. PSR ¶ 7. Relying upon the recommendations in the PSR, the district court sentenced him to 195 months imprisonment, based in part on an enhancement because Brisbane was an armed career criminal within the meaning of the United States Sentencing Guidelines § 924(e).

On April 20, 2016, Brisbane filed a motion to correct his sentence pursuant to 18 U.S.C. § 2255, citing the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2251 (2015), arguing that he no longer has the requisite number of qualifying predicate offenses to be found an armed career criminal and so his current sentence violates due process. ECF No. 42. The government filed a motion to dismiss or in the alternative to grant summary judgment on May 31, 2016, to which Brisbane responded on June 2, 2016. The government replied on June 10, 2016. The court held a hearing on June 23, 2016, and a second hearing on August 31, 2016. After hearing arguments from the parties, the court set a "resentencing"[1] hearing and ordered additional briefing on two issues: (1) Brisbane's waiver of argument relating to his 1992 convictions for distribution of cocaine in Jasper County, South Carolina; and (2) whether Brisbane's 1992 guilty plea for distribution of cocaine was uncounseled in violation of Faretta v. California, 422 U.S. 806 (1975). After the parties further briefed these two issues, the

---

[1] These hearings were not true sentencing hearings, as Brisbane is not entitled to resentencing unless and until the court actually vacates his current sentence. Since the court at no time granted Brisbane's pending § 2255 motion to vacate, these hearings may have been docketed as resentencing hearings but they functioned as hearings on his motion. To the extent that the parties initially agreed that Brisbane's original sentence should be vacated, the government now appears to contend that its consent to vacating Brisbane's sentence was in error. In any event, the court granted a resentencing hearing with this understanding. Having determined that the parties no longer agree on whether Brisbane's original sentence should be vacated, the court treats all of these hearings as motions hearings.

court held a second "sentencing" hearing on April 3, 2017. After considering the arguments at the hearing, the court ordered the parties to submit an additional round of supplemental briefing on the issue of whether Brisbane's Faretta claim is untimely under the statute of limitations in 28 U.S.C. § 2255(f).[2]

After multiple hearings and rounds of briefing, the motion is now ripe for the court's review.

## II.  STANDARDS OF REVIEW

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Where there is a "genuine" dispute about a material fact and a reasonable jury could return a verdict for the nonmoving party, summary judgment is not appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). At this stage, the court must view the evidence in the light most favorable to the non–moving party and draw all reasonable inferences in his favor. Id. at 255.

Brisbane proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[2] The parties submitted supplemental briefing in the form of emails to the court. Since the emails are not docketed on ECF, these emails are attached as exhibits to this order.

28 U.S.C. § 2255(a). The burden of proof rests upon Brisbane to establish the allegations of his petition by a preponderance of the evidence. See, e.g., Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III. DISCUSSION

Brisbane filed this § 2255 petition asserting that he was wrongfully sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA") in light of the Supreme Court's recent decision in Johnson, which was made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016). Brisbane first argues that, in the wake of Johnson, he does not have the requisite number of qualifying predicate offenses to be considered an armed career criminal, and asks the court to vacate his sentence, appoint counsel, and resentence him without the armed career criminal enhancement. Second, Brisbane argues that he did not have counsel when he entered a guilty plea in 1992 for his three counts of distribution of cocaine, in violation of the "knowing and voluntary waiver of counsel" requirement set forth in Faretta v. California. Brisbane also raises the issue of his post-sentence rehabilitation as a separate ground for granting his § 2255 petition under Pepper v. United States, 562 U.S. 476 (2011). The court addresses each argument in turn.

   1.    **Faretta Claim**

During the August 31, 2016 hearing, Brisbane presented arguments relating to objections raised to the revised PSR, and testified about the absence of counsel for his 1992 South Carolina guilty plea that he entered for three counts of distribution of cocaine. The court continued the hearing and instructed the parties to procure an

4

affidavit from the South Carolina Circuit Court judge who presided over his 1992 guilty plea.³ The court now holds that regardless of the merits of his Faretta claim, Brisbane has procedurally defaulted on it because he has both waived it and it is untimely under the statute of limitations in 28 U.S.C. § 2255(f). Brisbane's 1992 conviction for the three counts of distribution of cocaine remains a predicate conviction for purposes of determining whether he is an armed career criminal in the wake of Johnson.

The Sixth Amendment "right to assistance of counsel implicitly embodies a correlative right to dispense with a lawyer's help." Faretta, 422 U.S. at 814 (citations and quotations omitted). However, prior to permitting a criminal defendant to proceed pro se, a court must determine that the waiver of counsel is "knowing, voluntary, and intelligent." Iowa v. Tovar, 541 U.S. 77, 88 (2004) (citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Under the Sixth Amendment, an uncounseled felony conviction cannot be used for certain purposes—namely, it cannot be used for a subsequent conviction or sentence because such a sentence enhancement depends upon the "reliability of a past uncounseled conviction." Lewis v. United States, 445 U.S. 55, 66 (1980). The Fourth Circuit has found that the defendant has the burden of proving a constitutional defect regarding the prior conviction. United States v. Collins, 415 F.3d 304, 315 (4th Cir. 2005). In Collins, the Fourth Circuit noted that where a transcript is "silent" on whether defendant was represented by counsel, there is no presumption that defendant was not

---

³ The court was later informed that the Circuit Court judge declined to provide an affidavit, appear for testimony, or sit for a deposition about his involvement presiding over Brisbane's 1992 convictions. Since the court finds that Brisbane has procedurally defaulted on his Faretta claims, it does not proceed to the merits of the claim.

represented by counsel. Id. at 316. The defendant has the burden to "at least raise an inference of the invalidity of the prior conviction." Id.

In the context of accepting a guilty plea from an uncounseled defendant, there is no specific warning "mandated by the Sixth Amendment," nor has the Supreme Court "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." Id. at 81, 88. Instead, "[t]he information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." Id. at 88. However, the Supreme Court has explained that generally, "[t]he constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." Id. at 81.

Here, there is no evidence that Brisbane was represented by counsel during the time of his guilty plea for his 1992 offense of "distribution of cocaine." ECF No. 57 at 2. Indeed, the Jasper County Clerk of Court file indicates that Brisbane was <u>not</u> represented by counsel when he entered his guilty plea for his 1992 offense of "distribution of cocaine." Addendum to PSR, Exhibit 2 (no signature on line for defense attorney signature in the general sessions docket sheet for Brisbane's charge for Distribution of Crack Cocaine). Additionally, Brisbane testified during the August 31, 2016 hearing that he was not represented by counsel during his 1992 guilty plea.

It is possible that Brisbane has a meritorious Faretta claim. However, it fails under procedural grounds. As explained below, Brisbane has waived this claim and this

claim is untimely because he raised it after the passage of the statute of limitations outlined in 28 U.S.C. § 2255(f). This procedural default precludes the court from proceeding to the merits of his argument.

### A. Waiver

A § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless a petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014), cert. denied, 135 U.S. 1467 (2015).

Brisbane failed to raise the Faretta issue at his federal sentencing in 2005, in state court in a direct appeal, and in state court on post-conviction relief. Indeed, it appears that this § 2255 petition is the first time that Brisbane has raised the issue of his 1992 uncounseled guilty plea in the more than ten years that have passed since his 2005 federal sentencing. In short, this means that Brisbane has procedurally defaulted on the Faretta claim unless he can show cause, prejudice, or actual innocence to overcome the

procedural bar. He has failed to demonstrate either. On appeal, Brisbane did not argue that his 1992 guilty plea was uncounseled. Neither does Brisbane allege that he is actually innocent of the three distribution of cocaine charges to which he pleaded guilty. Finally, he does not allege that his counsel during his 2005 federal sentencing provided ineffective assistance by failing to raise the Faretta issue in the objections filed to the 2005 PSR, during the sentencing hearing, or on appeal. Because Brisbane has not shown cause, prejudice, or actual innocence to overcome the procedural bar, the court dismisses his Faretta challenge as procedurally barred. See Bousley, 523 U.S. at 621-22. Even if Brisbane has not waived his Farretta claim, as explained below in section III.1.B this claim is untimely under the statute of limitations.

### B. Statute of Limitations

In addition to the waiver issue, the court finds that the Faretta claim is untimely. While neither party raised this issue until the court ordered supplemental briefing on it, application of the one-year statute of limitations in 28 U.S.C. § 2255(f) reveals that the Faretta claim has been time-barred for ten years. Brisbane's Johnson claim—while itself timely—does not revive this unrelated, previously barred claim.

Under 28 U.S.C. § 2255, a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255(f) provides a one-year limitations period, which generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment is final for purposes of § 2255's one-year statute of limitations "when the time expires for filing a petition for

certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). The petition for certiorari ordinarily must be filed with 90 days of the Court of Appeal's judgment, calculated from the denial of rehearing. Sup. Ct. R. 13(1), (3). Where the § 2255 motion involves a right newly recognized by the Supreme Court that is made retroactively applicable to cases on collateral review, the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).

Brisbane filed this § 2255 petition on April 20, 2016, citing the Supreme Court's recent decision in Johnson to argue that he no longer has the requisite number of qualifying predicate offenses to qualify as an armed career criminal and so his current sentence violated due process. However, based on the round of supplemental briefing that the court ordered in October 2016, as well as Brisbane's argument in the April 3, 2017 hearing, Brisbane has now added his uncounseled 1992 guilty plea for distribution of cocaine in as an additional ground for granting his § 2255 petition. Faretta is a case that was decided in 1975. Since Faretta is not a right newly recognized by the Supreme Court, the one-year statute of limitations to file a § 2255 petition outlined in Section 2255(f) applies. Brisbane had one year from when his conviction became final to raise the Faretta issue. His conviction became final in 2005, so Brisbane had until 2006 to raise the Faretta issue. He did not do so. Instead, he did not raise the Faretta issue until 2016.

This court cannot allow a petitioner to tack on an untimely claim to a petition filed under Johnson simply because the Johnson claim is timely. To do so would undermine the purpose of the Congressionally-mandated statute of limitations in § 2255.

See Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (Holding that the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies on a claim-by-claim basis, reasoning that "[w]e see no reason why a habeas petitioner who allows his judgment to become final should be permitted, by the happenstance of an intervening decision or the discovery of new evidence, to reopen claims that he could have raised earlier but did not."); see also Fielder v. Varner, 379 F.3d 113, 119 (3d Cir. 2004) (Holding that a claim-by-claim approach in AEDPA is "necessary in order to avoid results we are confident Congress did not want to produce" and to hold otherwise would have the "strange effect" of allowing a timely claim to "miraculously revive" untimely claims.). Accordingly, the court finds that Brisbane's Faretta claim is time-barred.

### 2. Armed Career Criminal under Johnson

While Brisbane has procedurally defaulted on his Faretta claim, his Johnson claim is neither barred by waiver nor the statute of limitations. However, as explained below, the court finds that Brisbane has three prior serious drug offenses that constitute proper ACCA predicates because the offenses occurred on different occasions.

Brisbane concedes that distribution of cocaine in South Carolina constitutes a serious drug offense under the ACCA but argues that during his 2005 original federal sentencing, the district court adopted the PSR that listed all three of Brisbane's 1992 counts of distribution of cocaine as one conviction for purposes of finding him an armed career criminal. Since the original sentencing court treated the three counts for distribution of cocaine as one conviction for ACCA purposes, Brisbane argues, this court

is bound by that analysis. For ease of reference, the court addresses each of these arguments in turn.

### A. 1992 Guilty Plea to Three Counts of Distribution of Cocaine as Three Separate Convictions

The court examined both the transcript of Brisbane's guilty plea in February 2005 in front of the original sentencing court as well as what appears to be the original sentencing court's handwritten notes on the 2005 PSR to determine if it was even discernible whether the original sentencing court considered Brisbane's 1992 distribution of cocaine counts to be separate predicate offenses or one predicate offense for ACCA purposes. The transcript is silent on what predicate offenses the original sentencing court considered for ACCA purposes. However, the court does note that the original sentencing court certainly seemed to consider all three counts for distribution of cocaine as one conviction for enhancement under § 924(e)(1)—there is a handwritten note of the number "1" next to the conviction for distribution of cocaine in paragraph 29 of the 2005 PSR, which could denote that the original sentencing court understood the three counts of distribution of cocaine to qualify as one conviction for ACCA purposes. A review of the 2005 PSR reveals that the PSR lists Brisbane's three counts of distribution of cocaine and then states that "[t[his conviction serves as the <u>first predicate offense</u> toward characterizing the defendant as an Armed Career Criminal." PSR ¶ 29 (emphasis added). The court acknowledges that the plain language of the 2005 PSR seems to treat Brisbane's three counts of distribution of cocaine as one conviction. However, this was an incorrect conclusion.

11

In <u>United States v. Letterlough</u>, 63 F.3d 332 (4th Cir. 1995), the Fourth Circuit adopted the following definition to determine whether the ACCA applies to a defendant's closely related prior crimes: "[c]onvictions occur on occasions different from one another 'if each of the prior convictions arose out of a separate and distinct criminal episode.'" The <u>Letterlough</u> court held that each of petitioner's drug transaction "was a complete and final transaction, and therefore, an independent offense" for purposes of calculating an enhancement under ACCA. <u>Id.</u> at 337. Similarly, here, the PSR reveals that Brisbane pleaded guilty to three different counts of distributing cocaine on three separate dates— August 14, August 15, and October 2, 1991.

Under the ACCA, the court is to consider only whether the offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). However, these three counts of distribution of cocaine are premised on drug offenses committed on occasions different from one another. Because these three prior drug convictions occurred on different occasions, under <u>Letterlough</u> they are to be considered three separate "serious drug offenses" that are proper ACCA predicates. See e.g., <u>United States v. Pope</u>, 132 F.3d 684 (11th Cir. 1998) (burglaries of two separate buildings approximately 200 yards apart on the same evening were crimes committed on occasions different from one another under the ACCA);

### B. Law of the Case Doctrine

Brisbane argues that the government never filed objections to the original 2005 PSR, including to the number of offenses counted toward the determination of Brisbane as an armed career criminal, and so the government cannot make the arguments it now makes regarding counting the separate distribution of cocaine charges as separate

convictions. Relatedly, Brisbane presents an interesting argument that the law of the case doctrine dictates that this court is bound by the original sentencing court's ruling adopting the 2005 PSR listing the three distribution of cocaine counts as one conviction. However, even assuming that this is the analysis that the original sentencing court undertook during Brisbane's sentencing this court is not bound by the exact analysis that the original sentencing court conducted in arriving at his conclusion that Brisbane's guilty plea to the three counts for distribution of cocaine in 1992 was one conviction. In United States v. Murphy, 2009 WL 2524684, at *1 (N.D. Fla. Apr. 7, 2009), the court confronted a nearly identical factual scenario—the original sentencing court had determined on the record that convictions for the two drug offenses were not to be considered two separate offenses for purposes of calculating predicate offenses for ACCA. The defendant then argued that the district court was bound by the original sentencing court's determination that the two drug convictions must be counted as one for ACCA purposes because the district court's ruling was "the law of the case." Id. at *5. The Murphy court found that while a trial court's original sentencing decision should "direct" the court's determination of the issue at a subsequent stage of the proceedings, the court was not limited by what the original sentencing court determined. Id. (citing United States v. Uccio, 940 F.2d 753, 757 (2nd Cir. 1991)). This court agrees with this analysis. To the extent that the law of the case doctrine is even applicable, given that this is before the court on a motion to vacate as opposed to on remand from an appellate court or on a later appeal, the original sentencing court's determination during Brisbane's sentencing of what qualified as predicate convictions may "direct" this court, but it does not limit it.

Ultimately, the Fourth Circuit has held that a district court should uphold a defendant's sentence as an armed career criminal, even if the sentencing court relied on offenses that no longer qualify as the basis for the enhancement, as long as the defendant still has three qualifying offenses on his record. United States v. Newbold, 791 F.3d 455, 459 n.5, 460 (4th Cir. 2015) (holding that when the sentencing court relied on an offense that no longer qualifies as an ACCA predicate because of a change in the law, the district court should examine whether the defendant had other qualifying predicate convictions). In United States v. Pettiford, 612 F.3d 270, 277–78 (4th Cir. 2010) the Fourth Circuit reversed a district court that vacated a defendant's sentence as an armed career criminal, reasoning that the original sentence was authorized by law because "three predicate convictions remained in [the defendant's] record." Examining Brisbane's entire criminal record, the court finds that his 1992 guilty plea to three counts for distribution of cocaine qualify as three "serious drug offenses" that are qualifying convictions for an ACCA-enhanced sentence.

Since Brisbane has three prior serious drug convictions, he has the requisite number of predicate offenses to remain an armed career criminal even in the wake of Johnson. Accordingly, the court does not analyze whether Brisbane's remaining convictions would qualify as "crimes of violence" under Johnson, and denies Brisbane's Johnson claim.

### 3. Post-Sentence Rehabilitation under Pepper v. United States

Finally, during the April 3, 2017 hearing, Brisbane argued that he has been rehabilitated during his prison sentence, and asks the court to resentence him to 180 months under Pepper v. United States, 562 U.S. 476 (2011). While the court admires

Brisbane's accomplishments during his incarceration and commends him for his rehabilitation, Pepper is not a separate ground for reducing a sentence under § 2255.

In Pepper, the district court sentenced the defendant to a 24–month prison term. 131 S.Ct. at 1236. On appeal, the Court of Appeals vacated the sentence and remanded for resentencing. Id. In the meantime, the defendant had been released from prison. Id. On remand, the district court considered, inter alia, the defendant's post-sentencing rehabilitation and imposed the same sentence. Id. at 1236–37The Supreme Court held in Pepper that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." Id. (emphasis added).

Brisbane's reliance on Pepper is misplaced. Pepper does not authorize a district court to modify an existing sentence on the basis of post-sentencing rehabilitation efforts. See United States v. Morris, 2013 WL 1303124, at *1 (D.S.C. Mar. 28, 2013) ("[R]ehabilitation may be considered by a court while a defendant is being sentenced or resentenced, but it may not be used as an independent ground for a defendant to obtain a resentencing."); see also United States v. Clavielle, 505 Fed. Appx. 597, 598 (7th Cir. 2013) (holding that where the defendant's "sentence was not set aside on appeal nor remanded for sentencing[,] Pepper . . . does not support her request for a sentence reduction to account for her postsentencing rehabilitation"), United States v. Waites, 500 Fed. Appx. 822, 824 (11th Cir. 2012) ("Pepper held only that a district court could take into account a defendant's subsequent rehabilitation once it already had authority to

resentence him.  The decision does not provide that post-sentencing rehabilitation itself opens the door to sentence modification." (internal citations omitted)).  Pepper also does not stand for the proposition that post-sentencing rehabilitation is a ground for reducing a sentence under § 2255.  Oiler v. United States, 2013 WL 5574898, at *3 (S.D.W. Va. Oct. 9, 2013) ("Movant is seeking relief under Section 2255 and not on remand for resentencing, and therefore Pepper is not applicable."); see also Wright v. United States, 2014 WL 5038344, at *10 (E.D.N.C. May 15, 2014) (Holding that Pepper "does not provide an independent basis for the court to reduce [petitioner's] sentence, but rather deals with what may be considered when a case is remanded by an appellate court to the district court for resentencing."), report and recommendation adopted, 2014 WL 5034668 (E.D.N.C. Oct. 8, 2014).

    Here, Brisbane's sentence was affirmed on appeal and was not set aside or remanded on appeal.  He is asking the court to use Pepper as a vehicle to grant him relief under § 2255.  The court cannot do so.

## IV.   CONCLUSION

Having carefully evaluated each of Brisbane's arguments, the court denies his motion to vacate. The court cannot resentence Brisbane on the merits of the <u>Faretta</u> argument presented in the supplemental briefing to his § 2255 petition—if he entered the 1992 guilty plea for distribution of cocaine uncounseled—because Brisbane's <u>Faretta</u> claim is procedurally barred by waiver and the statute of limitations. Brisbane remains an armed career criminal under <u>Johnson</u> because he has three prior convictions for a serious drug offense, each of which was committed on a different occasion. Finally, while the court is sympathetic to Brisbane's accomplishments during his incarceration, <u>Pepper</u> does not allow for post-sentence rehabilitation to be a separate ground for a court to grant a § 2255 petition.

For the reasons set forth above, the court **GRANTS** the government's motion to dismiss or in the alternative for summary judgment and **DENIES** Brisbane's § 2255 motion to vacate. **IT IS FURTHER ORDERED** that a certificate of appealability is denied because Brisbane has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 30, 2017**
**Charleston, South Carolina**